UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINTA LOUISE TINER,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>Defendants. | No. 1:19-cv-01599-DAD-JLT<br><br>ORDER GRANTING MOTION TO REMAND THIS ACTION FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(Doc. No. 7) |

This matter is before the court on plaintiff's motion to remand this action to the Kern County Superior Court. (Doc. No. 7.) Pursuant to Local Rule 230(g), the court found this matter suitable for a decision on the papers and took it under submission on March 11, 2020. (Doc. No. 12.) For the reasons set forth below, the court will grant plaintiff's motion to remand.

**BACKGROUND**

On October 2, 2019, plaintiff filed this action against defendants Ford Motor Company ("Ford"), Haberfelde Ford, Inc. dba Jim Burke Ford ("Haberfelde"), and Does 1 through 10, inclusive (collectively "defendants") in the Kern County Superior Court. (Doc. No. 1 at 9.) Plaintiff brings claims under California's Song-Beverly Consumer Warranty Act against defendants for breach of express warranty, breach of implied warranty, and failure to complete repairs in violation of California Civil Code § 1793.2. (*Id*.)

/////

1

1    On November 7, 2019, defendant removed this action to this court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on the grounds that Haberfelde is a fraudulently joined "sham defendant," and that diversity jurisdiction exists because plaintiff and defendant Ford are citizens of different states and the amount in controversy is at least $75,000.  (Doc. No. 1.)

On February 5, 2020, plaintiff moved to remand this action to the Kern County Superior Court because Haberfelde is not a sham defendant and its California citizenship defeats complete diversity.  (Doc. No. 7.)  Plaintiff does not dispute defendants' assertion that the amount in controversy in this case exceeds the $75,000 jurisdictional threshold.  (*Id*. at 4.)  Pursuant to 28 U.S.C. § 1447(c), plaintiff requests that the court award attorneys' fees and expenses that she has incurred as a result of defendants' allegedly defective and improper removal of this action.  (*Id*. at 2, 11 (requesting $1,000); *id*. at 3 (requesting $1,300).)  On March 3, 2020, defendants filed an opposition to plaintiff's motion to remand.  (Doc. No. 9.)  On March 10, 2020, plaintiff filed a reply in support of her motion to remand.  (Doc. No. 11.)

**LEGAL STANDARD**

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332(a).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  *Cal. ex rel. Lockyer v. Dynegy, Inc*., 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc*., 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper.").  If there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court.  *Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1118 (9th Cir. 2004).

2

An action may be removed to federal court on the basis of diversity jurisdiction only where there is complete diversity of citizenship. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). However, the Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). If the court finds that the joinder of the non-diverse defendant is fraudulent, that defendant's citizenship is ignored for the purposes of determining diversity. *Id*.

If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). However, "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter*, 582 F.3d at 1046); *see also Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) (explaining that fraudulent joinder exists when "there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant"). The Ninth Circuit has acknowledged that the analysis under Federal Rule of Civil Procedure 12(b)(6) shares some similarities with the fraudulent joinder standard, and that "the complaint will be the most helpful guide in determining whether a defendant has been fraudulently joined." *Grancare, LLC*, 889 F.3d at 549. The two tests should not, however, be conflated. *Id.*

> If a plaintiff's complaint can withstand a Rule 12(b)(6) motion with respect to a particular defendant, it necessarily follows that the defendant has not been fraudulently joined. But the reverse is not true. If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there. For example, the district court must consider, as it did in this case, whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.

*Id.* at 550. Remand must be granted unless the defendant establishes that plaintiff could not

amend her pleadings to cure the purported deficiency. *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009).

There is a general presumption against fraudulent joinder, *Hamilton Materials, Inc.*, 494 F.3d at 1206, and the burden on the defendant opposing remand based on an alleged fraudulent joinder is a "heavy one." *Davis v. Prentiss Props. Ltd.*, 66 F. Supp. 2d 1112, 1113 (C.D. Cal. 1999). "Fraudulent joinder must be proven by clear and convincing evidence," and district courts must resolve all disputed questions of fact in favor of the plaintiff. *Hamilton Materials, Inc.*, 494 F.3d at 1206. In resolving a claim of fraudulent joinder, the court may look beyond the pleadings and consider evidence similar to that offered in summary judgment proceedings, such as affidavits and deposition testimony. *Morris*, 236 F.3d at 1068.

## ANALYSIS

Here, plaintiff contends that remand is appropriate because defendants have failed to satisfy their burden on removal to establish federal subject matter jurisdiction based on complete diversity. (Doc. No. 7 at 4.) The court agrees.

In her motion to remand, plaintiff argues that defendants did not show with clear and convincing evidence that Haberfelde is a fraudulently joined defendant because their removal papers rely on the conclusory beliefs of defense counsel as opposed to evidence. (Doc. No. 7 at 9.) Specifically, defendants' notice of removal states that "[defendant] Ford contends that Plaintiff fraudulently joined [Haberfelde] in this case for no reason other than to defeat diversity jurisdiction and prevent removal of the action to federal court." (Doc. No. 1 at 4.) Similarly, defendants state in conclusory fashion without any supporting facts or relevant legal argument, that

> [t]hus, Plaintiff has not and cannot state any valid claims against [Haberfelde].  Ford believes that Plaintiff has no intention of pursuing any claims against [Haberfelde], and that [Haberfelde] was only named to defeat the claim of diversity and removal to Federal Court.  Thus, [Haberfelde] has been fraudulently joined, and its citizenship should be disregarded for diversity purposes.

(*Id*.) Contrary to defendants' belief, plaintiff asserts that she has alleged valid causes of action under the Song-Beverly Act against Haberfelde—the authorized retail seller of the Ford vehicle

4

that plaintiff had purchased and the authorized repair facility that performed repairs on that vehicle. (Doc. No. 7 at 5–7.) Plaintiff points to the allegations in her complaint that: (i) both the manufacturer Ford and retail seller Haberfelde had an implied warranty of merchantability by operation of law; (ii) after each repair attempt, both defendants made assurances and representations to plaintiff that the vehicle was fixed when it was not; and (iii) both defendants acted willfully toward plaintiff, an elderly and disabled person, and based on that willful conduct, plaintiff seeks enhanced damages under California Civil Code § 3345. (*Id*. at 6.)

In their opposition, defendants explain why they believe plaintiff has not and cannot state a claim against Haberfelde. Defendants argue that because plaintiff's claims arise out of her purchase of a Ford vehicle in 2010, her claims "expired a long, long time ago"; specifically, "the four-year statute of limitations applicable to all of plaintiff's claims expired approximately five years ago." (Doc. No. 9 at 2.) According to defendants, plaintiff's claim for breach of an implied warranty is time-barred because plaintiff purchased the subject vehicle on April 1, 2010, and "[t]hus, any implied warranty claim would have expired, at the latest, four years after the April 1, 2010 sale." (*Id*. at 8.) In addition, defendants argue that plaintiff's claim for breach of an express warranty cannot be stated against Haberfelde because plaintiff "does not plead the existence of any express warranty provided by Haberfelde"—an essential element of that claim. (*Id*. at 4–7.) Similarly, defendants assert that plaintiff cannot maintain a claim against Haberfelde for violating California Civil Code § 1793.2(b) because an express, written warranty provided by the defendant is an essential element of that claim too. (*Id*. at 9.) Defendants also assert that the court should deny plaintiff's request for an award of costs and expenses incurred by plaintiff in seeking remand of this action because plaintiff has not established that defendants' removal of this action was improper. (*Id*. at 9–10.)

In reply, plaintiff contends that her complaint sufficiently states Song-Beverly Act claims against defendant Haberfelde, and to the extent there are deficiencies in her complaint, defendants have failed to show that those deficiencies cannot be cured by amendment. (Doc. No. 11 at 3–4.)

As to plaintiff's express warranty claim and California Civil Code § 1793.2(b) claim, plaintiff asserts that defendants' argument—that the court should find Haberfelde was

fraudulently joined because Haberfelde did not offer plaintiff an express warranty—lacks merit and does not support denial of plaintiff's motion to remand. (*Id*.) Plaintiff argues that her complaint "sufficiently sets forth facts intertwining the conduct of Ford and [Haberfelde]" and "sufficiently alleges express warranty causes of action against [Haberfelde], including allegations as to its willful conduct toward Plaintiff who is disabled, in both selling her the defective vehicle and failing to repair it to conform to warranty." (*Id*. at 3–4.) Plaintiff also contends that defendants failed to address the fact that plaintiff seeks enhanced civil penalties pursuant to California Civil Code §3345 based on Haberfelde's willful conduct. (*Id*. at 3.)

The court concludes that while plaintiff's failure to allege that Haberfelde provided an express warranty to plaintiff may likely result in her claims being dismissed under Rule 12(b)(6), it is possible that this deficiency could be cured by amendment. *See Hall v. Kraft Heinz Food Co. (LLC)*, No. 1:19-cv-00565-LJO-BAM, 2019 WL 2598764, at *3 (E.D. Cal. June 25, 2019) ("Even where presently deficiently pled, where Plaintiffs may amend that claim to cure any arguable defects, it may not be said that it is impossible for them to state a claim against [a non-diverse defendant]."); *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1063 (C.D. Cal. 2012) ("Defendants must show that the relevant state law is so well settled that plaintiff 'would not be afforded leave to amend his complaint to cure th[e] purported deficiency.'") Although defendant points to plaintiff's allegation that *defendant Ford* issued a written warranty, the court is not persuaded by defendants' argument that this allegation necessarily means plaintiff has conceded that Haberfelde did not provide her an express warranty. (Doc. No. 9 at 7.) Defendants have not shown that plaintiff would be unable to cure the purported failure by alleging the existence of an express warranty provided by Haberfelde in an amended complaint.

As to plaintiff's implied warranty claim, plaintiff asserts that her claim is not time-barred because the latent defects in the vehicle were not discovered until April 2018, when plaintiff "became aware that Ford and its authorized repair facilities [Haberfelde] had been unable to repair the vehicle due to continued reoccurring problems," and that prior to April 2018, "Ford and its authorized agents [Haberfelde] made repeated false assurances to Plaintiff that they had repaired any problems with the subject vehicle and that such problems were not repeating." (Doc.

6

1  No. 11 at 7.)  Plaintiff contends that the discovery rule, which "provides that a statute of
2  limitations should not begin to run until an aggrieved party discovers (or reasonably should have
3  discovered) the facts giving rise to the cause of action," applies to her implied warranty claim.
4  (*Id*. at 4–5) (citing *Hebrew Academy of San Francisco v. Goldman*, 42 Cal. 4th 883, 894 (2007)).
5  In addition, plaintiff notes in her reply that defendants did not address the allegations in her
6  complaint that support tolling the statute of limitations based on the doctrine of fraudulent
7  concealment.  (*Id*. at 7.)
8       Having considered the parties' arguments, the court concludes that defendants have failed
9  to satisfy their burden by showing that it is not possible for plaintiff to state an implied warranty
10  claim against Haberfelde.  Even though plaintiff initiated this action more than four years after
11  she purchased the subject vehicle, it is not obvious that plaintiff cannot state a claim against
12  Haberfelde—it is possible her implied warranty claim is not time-barred under the discovery rule.
13  *See Tanner v. Ford Motor Co.*, 424 F. Supp. 3d 666, 671 (N.D. Cal. 2019) (rejecting defendant's
14  argument that the statute of limitations on an implied warranty claim begins to run upon delivery
15  as "contrary to applicable California law, which holds that the statute of limitations begins to run
16  once a defect is discovered") (citing *Mexia v. Rinker Boat Co*., 174 Cal. App. 4th 1297 (2009)).
17  In *Tanner*, the district court concluded that the defendant had not met its burden of establishing
18  that a dealership was fraudulently joined even though plaintiffs brought suit two years after the
19  four-year statutory period expired, because the plaintiffs could amend the complaint to allege
20  facts regarding when the defect was discovered.  *Id*.  Thus, the court found that their claim may
21  not have been time-barred under the discovery rule.  *Id*.  Here, plaintiff's complaint makes an
22  even stronger case for this court to grant her motion to remand than the complaint in *Tanner*.
23  Plaintiff has already alleged when she discovered the defect (around April 26, 2018), and she
24  filed her complaint a year and a half later on October 2, 2019.  The state court may find that this
25  supports application of the discovery rule to toll the statute of limitations and a determination that
26  plaintiff's claim is not time-barred.
27  /////
28  /////

In sum, defendants have failed to show, and the court remains unconvinced, that "there is *no possibility* that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant." *Hall*, 2019 WL 2598764 at *3 (emphasis added).  Thus, the court finds that defendant Haberfelde was not fraudulently joined in this action.

## CONCLUSION

For the reasons set forth above, the court will grant plaintiff's motion to remand this action to the Kern County Superior Court for lack of subject matter jurisdiction.  However, the court will not award plaintiff attorneys' fees and costs because the court finds that defendants' removal was not "objectively unreasonable."  *See Grancare, LLC*, 889 F.3d at 552 ("Absent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.")

Accordingly,

1. Plaintiff's motion to remand this action (Doc. No. 7) is granted;
2. Plaintiff's request for an award of attorneys' fees and expenses is denied;
3. This action is remanded to the Kern County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **May 29, 2020**

UNITED STATES DISTRICT JUDGE